UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PIERRE STUCKEY, | ) | 1:10-cv-00838 MJS HC |
| | ) | |
| Petitioner, | ) | ORDER REGARDING PETITION FOR |
| | ) | WRIT OF HABEAS CORPUS |
| v. | ) | |
| | ) | |
| H.A. RIOS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Both parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 6, 8.)

Petitioner claims entitlement to a credit against his federal sentence for time served in federal pre-trial custody prior to sentencing. (Pet. at 6-8, ECF No. 1.) Presently before the court is Respondent's December 22, 2010, answer and Petitioner's January 5, 2011 traverse. (ECF Nos. 13-14.)

I.  **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

The instant petition does not challenge petitioner's conviction or sentence. Rather, petitioner contends that the Bureau of Prisons ("BOP") is executing petitioner's sentence in a way that violates federal law because the BOP refuses to give Petitioner credit for over a year spent in custody prior to the commencement of his sentence on December 20, 1993.

On November 19, 1992, Petitioner was arrested and taken into federal custody. (See Petition at 6.) On December 20, 1993, he was sentenced in the United States District Court for the Central District of California, to a 327-month federal term of imprisonment for Armed Bank Robbery. (See Answer, Ex. 1, Decl. of Forest Kelley at ¶ 3.)

The BOP prepared a sentence computation for Petitioner based on a 327-month term commencing December 20, 1993, the date his sentence was imposed. First, a Tentative Full Term ("TFT") Date was calculated by projecting 327 months (27 years, 3 months) from December 20, 1993. The TFT date is the date Petitioner would finish his sentence if he received no credit for prior custody and if he received no good time credits. Petitioner's TFT is March 19, 2021. (See id. at ¶ 4.) The Bureau then awarded Petitioner prior custody credit in the amount of 396 days for time spent in federal custody from November 19, 1992, the date of his arrest, through December 19, 1993, the day prior to the imposition of sentence. The 396 days prior custody credit was deducted from the TFT of March 19, 2021, resulting in a reduction to the term of Petitioner's sentence to February 17, 2020. (See id. at ¶ 5.)

Finally, BOP has taken into account Petitioner's earned and projected good time credit. At the time the BOP prepared Petitioner's sentence computation, he had earned 878 days of good time credit, and is eligible to earn an additional 399 days, for a total of 1,247 days of good time credit. Deducting 1,247 days of good time credit from the modified term of February 17, 2020 results in a projected release date with good time credit of September 18, 2016. (See id. at ¶ 6.)

## II.   JURISDICTION

### A.   Subject Matter Jurisdiction

Relief by way of a writ of habeas corpus extends to a prisoner in custody under the authority of the United States who shows that the custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Although a federal prisoner who challenges the validity or constitutionality of his conviction must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a federal prisoner challenging the manner, location, or conditions of the execution of a sentence must bring a petition for writ of habeas corpus under

28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000).

Petitioner asserts that the Bureau of Prisons improperly calculated his prior custody credits. "Habeas corpus jurisdiction is available under 28 U.S.C. section 2241 for a prisoner's claims that he has been denied good time credits without due process of law." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Preiser v. Rodriguez, 411 U.S. 475, 487-88 (1973)). Accordingly, the Court concludes that it has subject matter jurisdiction over the petition.

### B.     Jurisdiction Over the Person

Title 28 U.S.C. § 2241(a) provides that writs of habeas corpus may be granted by the district courts "within their respective jurisdictions." A writ of habeas corpus operates not upon the prisoner, but upon the prisoner's custodian. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-495 (1973). A petitioner filing a petition for writ of habeas corpus under § 2241 must file the petition in the judicial district of the Petitioner's custodian. Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). The warden of the penitentiary where a prisoner is confined constitutes the custodian who must be named in the petition, and the petition must be filed in the district of confinement. Id.; Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004). It is sufficient if the custodian is in the territorial jurisdiction of the court at the time the petition is filed; transfer of the petitioner thereafter does not defeat personal jurisdiction that has once been properly established. Ahrens v. Clark, 335 U.S. 188, 193, 68 S. Ct. 1443, 92 L. Ed. 1898 (1948); Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990). A failure to name and serve the custodian deprives the Court of personal jurisdiction. Johnson v. Reilly, 349 F.3d 1149, 1153 (9th Cir. 2003).

Here, Petitioner was incarcerated at the United States Penitentiary, Atwater, at the time of filing. United States Penitentiary, Atwater is located within the Eastern District of California. Accordingly, the Court concludes that it has personal jurisdiction over the custodian as Petitioner was confined in the district at the time of filing.

///

///

## III. ANALYSIS

### A. Petitioner's Claim

Petitioner seeks credit for the 396 days served in federal custody, from November 19, 1992 to December 20, 1993, prior to the commencement of his sentence on December 20, 1993. (Pet. at 6-8.)

### B. Respondent's Contentions

Respondent argues that the petition should be denied on the ground that Petitioner's sentence was properly calculated and Petitioner was provided the credit he seeks.

### C. Prior Custody Credit

The authority to compute a federal prisoner's sentence is delegated to the United States Attorney General, who exercises this authority through the U.S. Bureau of Prisons ("BOP"). United States v. Wilson, 503 U.S. 329, 334-35 (1992). "Computing a federal sentence requires two separate determinations: first, when the sentence commences; and, second, to what extent the defendant in question may receive credit for any time already spent in custody." United States v. Smith, 812 F. Supp. 368, 370 (E.D. N.Y.1993). A federal sentence commences "on the date the defendant is received in custody . . . to commence service of sentence at the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). In this regard, the Ninth Circuit has recently joined other circuits in noting

> that courts have interpreted § 3585(a) to mean that a federal sentence cannot begin before the defendant has been sentenced in federal court. See United States v. Gonzalez, 192 F.3d 350, 355 (2d Cir.1999) (holding that a district court cannot "backdate" a federal sentence to the beginning of a state prison term on related state charges.); United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980) ("[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.")

Schleining v. Thomas, 642 F.3d 1242, 1244 (9th Cir. 2011).

The statute governing credits and the calculation of a federal term of imprisonment provides as follows:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
>
> (1) as a result of the offense for which the sentence is imposed; or

    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b).

Here, Petitioner's federal sentence commenced on December 20, 1993, the date his sentence was imposed. 18 U.S.C. § 3585(a). The full term of the 327-month sentence would end on March 19, 2021. However, Petitioner was provided credit for the 396 days already served in federal custody for the crime prior to sentencing. See 18 U.S.C. § 3585(b). Accordingly, the full term of his sentence was reduced to February 17, 2020 from March 19, 2021. (See Kelly Decl. at ¶¶ 4-5.) Petitioner appears to have incorrectly interpreted the BOP's calculation of credit for his pre-trial custody time. In his traverse, Petitioner asks the Court to order the BOP to provide him 396 days of credit to his sentence that commenced on November 19, 1992. (See Traverse, ECF No. 14 at 2.) Petitioner was in pre-trial custody starting November 19, 1992, but his sentence commenced on December 20, 1993. To provide Petitioner an additional 396 days of credit as calculated from November 19, 1992 would provide Petitioner double credit for his pre-trial custody.

## IV. CONCLUSION

Petitioner's assertion that he has only been provided 54 days of good time credit for his time spent in pre-trial custody is incorrect. He was provided credit for the 396 days served in federal custody for the crime prior to sentencing. To provide him an additional 396 days credit as requested would give him double credit for his pre-trial custody. Petitioner is not entitled to habeas relief.

## V. CERTIFICATE OF APPEALABILITY

"The plain language of [28 U.S.C.] § 2253(c)(1) does not require a petitioner to obtain a [certificate of appealability] in order to appeal the denial of a § 2241 petition." Harrison v. Ollison, 519 F.3d 952, 958 (9th Cir. 2008). "Nor is there any other statutory basis for imposing a [certificate of appealability] requirement on legitimate § 2241 petitions. Although state prisoners proceeding under § 2241 must obtain a [certificate of appealability], see §

2253(c)(1)(A), there is no parallel requirement for federal prisoners." Id.

Accordingly, because Petitioner is a federal prisoner bringing a legitimate § 2241 petition, a certificate of appealability is not required.

### IV. ORDER

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus be DISMISSED; and

2) The Clerk of Court is DIRECTED to enter judgment and close the case.

IT IS SO ORDERED.

Dated:   April 16, 2013                       /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE